FILED

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

2012 DEC 26 PM 2:39

| United States District Court | District MIDDLE OF FLORIDA-TAMPA DIVISION |
|---|---|
| Name (under which you were convicted): RAVINDER REDDY ALLALA | Docket or Case No.: |
| Place of Confinement: D.RAY JAMES CORRECTIONAL-P.O.BOX 2000-FOLKSTON, GA. | Prisoner No.: 62774-019 |
| UNITED STATES OF AMERICA Respondent, v. | Movant (include name under which you were convicted) RAVINDER REDDY ALLALA |

MOTION 8:12-CV-2906-T-30EAJ

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
UNITED STATES DISTRICT COURT-MIDDLE DISTRICT OF FLORIDA
801 North Florida Avenue
Tampa, Florida 33602

(b) Criminal docket or case number (if you know): 8:11-CR-222-T-30EAJ

2. (a) Date of the judgment of conviction (if you know):

(b) Date of sentencing: 02/14/2012

3. Length of sentence: 48 Months

4. Nature of crime (all counts):

**Count One- Making a False Statement on am Immigration Document in violation of 18 U.S.C. Section 1546, a Class C Felony**

**Count Two-Conspiring to Make a False Statement on an Immigration Document in violation of 18 U.S.C. Section 371. a Class D Felony.**

5. (a) What was your plea? (Check one)

(1) Not guilty ☐ (2) Guilty ☒ (3) Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? N/A

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐

N/A

W.V.

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☒

8. Did you appeal from the judgment of conviction? Yes ☐ No ☒

9. If you did appeal, answer the following:

(a) Name of court: N/A

(b) Docket or case number (if you know):

(c) Result: N/A

(d) Date of result (if you know): N/A

(e) Citation to the case (if you know): N/A

(f) Grounds raised: N/A

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒

If "Yes," answer the following: N/A

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

(5) Grounds raised: N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☒ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☒

(7) Result: N/A

(8) Date of result (if you know): N/A

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☒

(7) Result: N/A

(8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☒

(2) Second petition: Yes ☐ No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: **Movant waived the right to appeal and and did not appeal.**

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: **MOVANT'S WAIVER OF THE RIGHT TO FILE A COLLATERAL ATTACK UNDER 28 USC SECTION 2255 WAS ENTERED WITHOUT THE FULL KNOWLEDGE OF THE OF THE RIGHTS HE WAS RELINQUISHING.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
**Movant Allala, a layperson standing before the court while entering of the plea of guilty, was totally reliant on the advice of counsel. In this regard, it is unfair to presume that from whatever explanation counsel might offer beyond reading the waiver provision, a reasonably educated layperson will digest how little recourse exists to bring a post- conviction challenge. Obviously, the cold reality is that most defendants do not comprehend, nor could they articulate, the array of claims that could potentially be brought through a direct appeal or a 2255 petition, especially those concerning prospective, post plea claims. This is significant because, with all due respect to the judiciary and the drafters of the Federal Rules, a defendant's affirmative response to a court's all too often perfunctory inquiry during a plea colloquy—that the defendant understands the meaning of the plea agreement's appeal and post-conviction language—does not, in fact, usually reflect the intentional relinquishment of a known right. Unknown to the Movant at the time of entering the plea, the waiver works to insulate the plea and government and defense counsel's respective actions from any review such as in the motion under 28 USC 2255. Movant submits that he was coerced into signing the Plea Agreement due to counsel's assertions that the government would file more charges.**
**It is not permissible for defense counsel to advise the then, defendant regarding waiver of claims of ineffective assistance of counsel by defense counsel. Providing such advice would violate Rule 4-1.7(a)(2) because there is a significant risk that the representation of the client would be materially limited by the personal interest of defense counsel.**
**At this point in these proceedings, defense counsel is not a party to the post-conviction relief proceeding but defense counsel certainly had a personal interest related to the potential for a claim that defense counsel provided ineffective assistance to the defendant. It is not reasonable to believe that defense counsel would have been able to provide competent and diligent representation to the defendant regarding the effectiveness of defense counsel's representation of the defendant. This would have presented a conflict of interest. Therefore, under Rule 4-1.7(b)(1), this conflict is not waivable. (Emphasis added).) Allala involuntarily entered the waiver, was not properly advised by counsel regarding the consequences of such a waiver and should be allowed to have his claims reviewed.**

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

**Movant did not appeal.**

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know):N/A

Date of the court's decision:N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Movant did not appeal, the above-referenced claims would not be entertained by the court on a direct appeal. As a general rule, claims of ineffective assistance of counsel will not be reviewed by a Circuit Court on direct appeal, but must be raised in a subsequent Motion for Habeas Corpus, per 28 U.S.C. section 2255, so that an adequate record can be developed and an evidentiary hearing held.

GROUND TWO: MOVANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE CONSTITUTION, DENIED DUE PROCESS IN VIOLATION OF THE FIFTH AMENDMENT OF THE CONSTITUTION OF THE UNTED STATES, AND VIOLATION OF RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel unprofessionally failed to advise Mr. Allala as to all facts and law relevant to his decision to plead guilty. Counsel failed in his obligation to apprise the Movant of the full range of consequences of entering a plea. Counsel failed to actually discuss comprehensively with the Movant the intricacies and full consequencies of sustaining a felony conviction and the impact it would have on his status with immigration. Movant submits that counsel did not fully apprise apprise him that deportation would be a certainty. Movant submits that he was unfamiliar with his rights in the United States, and relied rely on Counsel, his advocate and experts in the law, to insure him of his status in the situation Movant Found himself. He submits that he plead guilty to the offenses upon advice of counsel without being properly informed of the potential drastic immigration ramifications. Movant submits that he plead guilty believing that the sentence imposed by the court is the full punishment that will be imposed by the government of the United States. Movant submits that conversations regarding possibilities of deportation should have taken place during consultation with counsel prior to any advisement [er plea colloquay. Movant submits that the initial advisement during the plea colloquay does not provide the same protections as a preplea discussion with counsel as part of his representation. Movant submits that Counsel's erroneous advice and/or lack of advice regarding deportation consequences constitutes ineffective assistance of counsel in violation of the Sixth Amendment. Movant further submits that due to the advisement of counsel his plea was entered neither knowingly nor voluntarily thus infringing on Due Process guarantees]. Further Movant alleges violations of Rule 11 of the Federal Rules of Criminal Procedure.
The Sixth Amendment entitles all criminal defendants to a trial and to be represented at that trial by counsel.
The federal courts have generally extended such rights to all. Movant submits that counsel was not acting as counsel when he failed to apprise him of the full range of consequences as a result of entering a guilty plea, specifically deportation.
But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different. Movant sustained significant prejudice as a result of Counsel's deficient performance.

(b) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Movant did not appeal.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):
N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):
N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**Movant did not appeal, the above-referenced claims would not be entertained by a the court on a direct appeal. As a general rule, claims of ineffective assistance of counsel will not be reviewed by a Circuit Court on direct appeal, but must be raised in a subsequent Motion for Habeas Corpus, per 28 U.S.C. section 2255, so that an adequate record can be developed and an evidentiary hearing held. Counsel's failures would not be reflected in the record.**

GROUND THREE: **CLAIM NUMBER ONE MOVANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE CONSTITUTION.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**Movant submits that he was improperly under 3Bl.l (c) for his Role in the offense. This was a misapplication of the guidelines. The federal sentencing guidelines provide for an increase in the defendant's base offense level by two levels "if the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in [subsections] (a) or (b)." U.S.S.G. 3B1.1(c).10 The commentary states that to qualify for an adjustment under 3B1.1, "the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. 3B1.1, cmt. n.2.11 Movant Allala received a two point assessment for role in the offense based on the misconception that he recruited and supervised one other participant. Elisa Focarazzo. Movant submits that this assessment was unwarranted. He submits that he was a business partner with Ms. Focarazzo. He further submits that it was Ms. Focarazzo who had experience in this field. She voluntarily chose to participate in the instant offense by posing as Jennifer Dolan in dealing with an outside attorney who processed the applications, aliens who were to be sponsored and employers who accepted placement of the Laconia Associates workers. There were two individuals involved in the business, however, the government indicted the movant. Movant Allala 's partner partner Elisa Focarazzo opened the company in 2004 and he joined in 2006 as a minority partner. Ms. Focarazzo was in-charge of signing all checks such as USICS, IRS,Business, Employmees,Contracts,I-9's,W-9's, Employee Contracts, lease, and all other agreements. While operations were joint, Ms. Focarazzo was the President and managing the company. Movant Allala did not supervise anyone, nor did he command or direct anyone in the commission of the instant offense. He submits that there were documents evidencing his assertions, however counsel failed to investigate and persue his claims. He submits that was simply an employee at the previous companies USP,LLC, he was working under the supervision of someone and he never had any decision making authority. Subsequently, his his role in the offense does not comport with the definition as outlined in 3B1.1, and that the enhancement is unwarranted.**

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Movant did not appeal.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**Movant did not appeal. Also, the above-referenced claims would not be entertained on a direct appeal. As a general rule, claims of ineffective assistance of counsel will not be reviewed by a Circuit Court on direct appeal, but must be raised in a subsequent Motion for Habeas Corpus, per 28 U.S.C. section 2255, so that an adequate record can be developed and an evidentiary hearing held.**

GROUND FOUR: MOVANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE CONSTITUTION

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**Movant Allala submits that he was Prejudiced By The Cumulative Impact Of Multiple Deficiencies Or Errors By Counsel During The Plea, and Sentencing Process. Counsel never requested discovery despite the fact that the Government contentions that 147 visa petitions were fraudulent. Those cases were never shown to him. However, based on those case numbers the points were calculated, and subsequently movant received a higher sentence that what may have been warranted had counsel requested the requisite preponderance of proof as to the amount of petitions involved. Movant submits that his request for the expertise of an immigration attorney would have made a significant difference in the outcome of the case.**

**Movant believes that trial counsel grossly under-represented him by failing to adequately research, investigate and otherwise prepare for sentencing, and that he gave him incompetent, deficient and careless advice by coercing him to sign an ambiguous Plea Agreement. The Supreme Court in Counsel's gross errors directly and negatively affected the sentence and in totality, amount to ineffective assistance of counsel. Counsel failed to argue that the guidelines are advisory, and that the court is not required to impose term commensurate with the calculated guideline range. In the case of Movant, with no criminal history points the term calculated by the probation officer should not be considered as reasonable. Although Counsel promised the Movant that he as a first time offender would receive probation, he mado no mitigation alternative report available to the court outlining reasons who the Movant should be subject to the guideline range calculated by the Probation Officer.**

**Counsel failed to request the court's consideration of application of the Parsimony Principle, where under 3553 regarding "reasonableness" requesting the court to impose a sentence sufficient, but not greater than necessary, to comply with 3553(a)(2). Allala was Prejudiced By the Cumulative Impact Of Multiple Deficiencies Or Errors By Counsel During the Plea, And Sentencing stages if the proceedings. Counsel failed to argue recent case law relevant to sentencing, could have but did not provide available and persuasive authority in support of argument/ and failed to argue any circumstances in mitigation.**

**Movant submits that (1) counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's objectively unreasonable performance, the result of the proceeding would have been different.**

(b) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Movant did not appeal.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

**None of the grounds presented here have been previously presented if federal court.**

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea: **William F. Jung, Jung & Sisco, PA**
**Suite 3920**
**101 E Kennedy Blvd**
**Tampa, FL 33602**

(c) At trial N/A

(d) At sentencing:
Jay Strongwater,
Strongwater & Associates, LLC
Suite 1250
1349 W Peachtree St
Atlanta, GA 30309

(e) On appeal: N/A

Movant did not appeal.

(f) In any post-conviction proceeding: Fritz J. Scheller, Fritz Scheller, PL
Suite 1150- 200 E Robinson St
Orlando, FL 32801 (Miscellaneous Motions)

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* **Movant was sentenced February 14, 2012, this motion is filed wthin the one year time limitation persuant to the rules of the 28 USC Section 2255 and the AEDPA, deming this Motion timely filed.**

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: Vacate the imposed term of 40 months, or mofify imposedterm of 40 months, remand for considerration of 3553 factors, absent 2 point enhancement under 3B1.1 for Role as unwarranted, and impose term commensurate with mitigating factors as ourlined in the pleading. Or in the alternative, Grant Evidentiary Hearing.

or any other relief to which movant may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on (month, date, year).

Executed (signed) on 12/18/2012 (date).

**RAVINDER REDDY ALLALA, pro se**
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. N/A