UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2012 DEC 26 PM 2:40

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA,

Respondent,

vs.

RAVINDER REDDY ALLALA,

Movant.

Case No.:

**8:11-CR-222-T-30EAJ**

8:12CV-2906-T-30EAJ

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE SET ASIDE, OR CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. 2255

COMES NOW, RAVINDER REDDY ALLALA, hereinafter referred to as Movant, acting in pro se status in the above styled and entitled cause of action who respectfully submits this Motion and supporting Memorandum Of Points and Authorities pursuant to Title 28 U.S.C. 2255, and respectfully moves the Court to modify his sentence pursuant to intervening case law.

STATEMENT OF JURISDICTION AND VENUE

This Motion is filed pursuant to the provisions of Title 18 U.S.C. Section 2255. The Movant, Ravinder Allala, was sentenced in the United States District Court for the Middle District of Florida, the court in which the sentence challenged was imposed, deems that this motion is properly placed.

Jurisdiction is based upon Title 28 U.S.C. Section 1331, pursuant to the location of the court imposing the term in the Middle District of Florida. Therefore this court has jurisdiction to entertain, rule on the merits, and grant relief on the claims presented in the foregoing motion.

PRO SE LITIGANT

The Movant is a pro se litigant who respectfully requests of the court not to hold this motion to the stringent standards of learned professionals. In McNeil v. United States, 508 U.S. 106, 113 n. 10 (1993) [dicta] "We have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed ", citing Estelle v. Gamble. 429 U.S. 97, 106 (1976); also Haines v. Kerner, 404 U.S. 591, (1972).

"Because the pro se litigant is far more prone to making errors in pleadings than the person who benefits from the representation of counsel," Noll, 809 F.2d at 1148, "[t]he Supreme Court has instructed the federal courts to liberally construe the 'inartful pleadings' of pro se litigants." Eldridge v. Block, 823 F.2d 1132, 1137 (9 Cir. 1987) (quoting Boag v. McDougall,454 U.S. 364,365 102 S.Ct. 700, 701, 70 L.Ed.2d 551 (1982); Hughes v. Rowe, 449 U.S. 5,9, 101 S.Ct. 173,66 L. Ed. 2d 163 (1980), (holding pro se motions and complaints to "less stringent standards than formal pleadings drafted by lawyers").

STANDARD OF REVIEW

Title 28 United States Code Section 2255 provide that prisoners in custody under sentence of a court established by an Act of Congress claiming the right to be released or, for reduction of sentence, may move the court which imposed the sentence to vacate, Set Aside or correct the sentence. While the statute alludes to vacating or setting aside a "sentence", the courts construe the statute to also allow a prisoner to vacate or set aside his "conviction". See: Davis v. United States, 417 U.S. 333,41 L.Ed.2d 109,94 Sect. 2298 (1974), also; Bousley v. United States, 523 U.S. 614, 140 L.Ed.2d 8, 118 S.Ct. 1604 (1998) (allowing Section 2255 motion to go forward to vacate conviction and sentence under actual innocence theory.

The courts have an almost limited range of alternate remedies available. See: J. Liebman and R Hertz, Federal Habeas Corpus Practice, section 33.4 (2d Ed. 1997 and 1997 Supp.) (collecting authorities. Where a constitutional error has tainted some part of the proceeding other than the guilt-innocence trial and resulting conviction, for example the plea hearing sentencing, or appeal, the Courts can issue an order requiring either "release" or the opportunity to obtain a 'second chance' to utilize or invoke the tainted procedure, Id. Davis v. United States, 417 U.S. 333,343,41 L.Ed.2d 109,94 S.Ct. 2298 (1974) (Section 2255 affords the federal prisoner a "remedy exactly commensurate with that which had previously been available by habeas corpus").

Based on the foregoing laws and the facts of the case, Movant satisfies the jurisdictional requirements to bring such a motion pursuant to Title 28 U.S.C. Section 2255 in the District Court.

STATEMENT OF FACTS

The relevant facts of the motion and of this memorandum are set forth and pleaded in the Section 2255 Model Court Form and the Statement of Claim attached thereto. This Court should accept the allegations of Movant Ravinder Allala as true where they are not "conclusively" contradicted by the "files and records of the case" for purposes of determining whether Movant Ravinder Allala has stated a prima facie claim for relief and is therefore entitled to an evidentiary hearing. Since the Court must necessarily review the allegations of the Section 2255 motion for sufficiency, Movant Ravinder Allala will not repeat those allegations in this memorandum except as necessary..

COURSE OF PROCEEDINGS AND RELEVANT FACTS

COMES NOW Ravinder R. Allala, Movant *pro se* in the above styled and numbered cause and respectfully submits the within Memorandum of Law with Appended Exhibits in support of his Motion to Vacate pursuant to 28 U.S.C. §2255, and would show the Court the following facts, circumstances and points of law:

I. PRELIMINARY STATEMENT

A. Relevant Procedural History

As an initial matter, Movant, (hereinafter "Allala") sets out the following brief recitation of his procedural history for the Court's convenience.

On or about 4/26/11, a grand jury sitting in the middle district of Florida returned a multi count Indictment and superseding indictment alleging inter alia, violations of 18:1546.F FRAUD AND MISUSE OF VISAS/PERMITS ,18:371.F CONSPIRACY TO DEFRAUD THE UNITED STATES and 18:1001.F STATEMENTS OR ENTRIES GENERALLY.

On 11/3/2011 on the advice of counsel, Movant entered Allala entered a Plea of Guilty to Counts One 18:1546.F FRAUD AND MISUSE OF VISAS/PERMITS and Three of the Superseding Indictment, 18:371.F CONSPIRACY TO DEFRAUD THE UNITED STATE

On 2/14/12 Ravinder Reddy Allala, was sentenced on Counts 1 and 3 of the Superseding Indictment - Imprisonment: 40 months (concurrently); Supervised Release: 36 months (concurrently); Fine: $25,000; Special Assessment $200 (total).

Movant did not appeal.

STATEMENT OF CLAIMS

Ravinder Allala, hereinafter referred to as Movant, acting in pro se status in the above styled and entitled cause of action submits in this Statement of Claim.

CLAIM I

MOVANT'S WAIVER OF THE RIGHT TO FILE COLLATERAL ATTACK UNDER 28 USC SECTION 2255 WAS UNKNOWING AND INVOLUNTARY AND ENTERED WITHOUT FULL KNOWLEDGE OF THE RIGHTS HE WAS WAIVING.

CLAIM II

CLAIM NUMBER ONE MOVANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE CONSTITUTION.

CLAIM III

CLAIM NUMBER ONE MOVANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE CONSTITUTION.

CLAIM IV

CLAIM NUMBER ONE MOVANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE CONSTITUTION.

Motion and supporting Memorandum of Points and Authorities pursuant to Title 28 U.S.C. 2255, and respectfully moves the court to modify or reduce the imposed term through further departure based on recent changes in relevant case law pursuant to 18 USC 18 U.S.C. §1956 and accompanying mitigating circumstances.

Pursuant to Title 28, United States Code, Federal Rules of Civil Procedure 8-11, and Rule 2 of the Rules Governing Section 2255 Proceedings, Movant Allala states the following claims for relief under 28 U.S.C § 2255.

These claims for relief incorporate the attached Section 2255 Model Court Form, as well as the information contained therein and as set forth more fully herein.

ARGUMENT IN SUPPORT OF CLAIMS

GROUND I

MOVANT'S WAIVER OF THE RIGHT TO FILE COLLATERAL ATTACK UNDER 28 USC SECTION 2255 WAS UNKNOWING AND INVOLUNTARY AND ENTERED WITHOUT FULL KNOWLEDGE OF THE RIGHTS HE WAS WAIVING.

In his plea agreement, Movant waived all rights to appeal his sentence and waived any post-conviction relief available under 28 U.S.C. Sec. 2255. Movant submits that such a waiver

may not always apply to a collateral attack based upon ineffective assistance of counsel, see United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.1993), cert. denied, --- U.S. ----, 113 S.Ct. 2980, 125 L.Ed.2d 677 (1993).

Movant Allala, a layperson standing before the court during the entering of the plea of guilty, was totally reliant on the advice of counsel. In this regard, it is unfair to presume that from whatever explanation counsel might offer beyond reading the waiver provision, a reasonably educated layperson will digest how little recourse exists to bring a post- conviction challenge. Obviously, the cold reality is that most defendants do not comprehend, nor could they articulate, the array of claims that could potentially be brought through a direct appeal or a 2255 petition, especially those concerning prospective, post plea claims.

This is significant because, with all due respect to the judiciary and the drafters of the Federal Rules, a defendant's affirmative response to a court's all too often perfunctory inquiry during a plea colloquy—that the defendant understands the meaning of the plea agreement's appeal and post-conviction language—does not, in fact, usually reflect the intentional relinquishment of a known right. (See Johnson v. Zerbst, 304 U.S. 458, 464 (1938); Fed. R. Crim. P. 11(b) (1) (N). Unknown to the Movant at the time of entering the plea, the waiver works to insulate the plea and government and defense counsel's respective actions from any review such as in the motion under 28 USC 2255.

It is not permissible for defense counsel to advise the then, defendant regarding waiver of claims of ineffective assistance of counsel by defense counsel. Providing such advice would violate Rule 4-1.7(a) (2) because there is a significant risk that the representation of the client would be materially limited by the personal interest of defense counsel.

At this point in these proceedings, defense counsel is not a party to the post-conviction relief proceeding but defense counsel certainly had a personal interest related to the potential for a claim that defense counsel provided ineffective assistance to the defendant. It is not reasonable to believe that defense counsel would have been able to provide competent and diligent representation to the defendant regarding the effectiveness of defense counsel's representation of the defendant. This would have presented a conflict of interest. Therefore, under Rule 4-1.7(b) (1), this conflict is not waivable. (Emphasis added).) Movant Allala involuntarily entered the waiver, was not properly advised by counsel regarding the consequences of such a waiver and should be allowed to have her claims reviewed.

In US v. Cockerham, the court held that "a plea agreement waiver of post-conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." 237 F.3d at 1187.

A waiver of post-conviction rights results in a miscarriage of justice and is unenforceable if the defendant can establish one of the following: (1) the district court relied on an impermissible factor such as race; (2) the prisoner's counsel was ineffective concerning the negotiation of the plea agreement; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful. Cockerham, 237 F.3d at 1182 (citations omitted).

Under Cockerham, "a plea agreement waiver of post-conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." 237 F.3d at 1187. We have stated in unpublished opinions that the Cockerham exception applies only to ineffective assistance of counsel claims challenging the negotiation or validity of the plea or waiver. See, e.g., United States v. Akers, 377 Fed. App'x. 834, 836 (10th Cir. 2010) (per curiam) (unpublished) ("The Cockerham exception only applies to ineffective assistance of counsel claims challenging the negotiation of the plea and waiver and does not apply to ineffective assistance of counsel claims challenging counsel's performance at sentencing." (citing Cockerham, 237 F.3d at 1187)); United States v. Masters, 317 Fed. App'x 750, 755 (10th Cir. 2009) (unpublished) ("To withstand enforcement [of a plea waiver], the [ineffective assistance of counsel] claim must specifically 'challenge counsel's representation in negotiating or entering the plea or the waiver.'" (quoting Cockerham, 237 F.3d at 1187).

Movant Allala submits that in entering the waiver upon advisement of counsel, that he was deprived of counsel, contrary to the protections of the Sixth Amendment, as to that portion of a plea agreement, thereby rendering that portion of the agreement unenforceable as Movant never intentionally, nor voluntarily abandoned or waived exercised such an abandonment of this right.

Brady v. United States, 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L.Ed.2d 747 (1970), ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.") (discussing guilty pleas).

It is permissible, however, for a habeas court to determine whether the plea was voluntary and intelligent from the facts adduced at an evidentiary hearing before it or before a state court in collateral proceedings. Fisher v. Wainwright, 584 F.2d 691, 693 (5th Cir.1978) (federal hearing); McChesney v. Henderson, 482 F.2d 1101 (5th Cir.1973), cert. denied, 414 U.S. 1146, 94 S. Ct. 901, 39 L.Ed.2d 102 (1974) (state post-conviction hearing); Walker v. Caldwell, 476 F.2d 213, 215-16 n. 3 (5th Cir.1973) (federal hearing); Dulin v. Henderson, 448 F.2d 1238, 1240 (5th Cir.1971) (remanding for federal hearing).

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned."

Blackledge v. Allison, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). The advantages of plea bargains "can be secured, however, only if dispositions by guilty plea are accorded a great measure of finality." Id. To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreements. We have long enforced knowing and voluntary waivers of appellate rights because, just as criminal defendants may waive constitutional procedural rights, such as the right to a jury trial, so, too, they may waive statutory procedural rights, such as the right to appeal their conviction and sentence. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir.1990).

Although it is well settled that a defendant may waive his right to appeal directly from his conviction and sentence, we have never considered whether a defendant may also waive his right to attack his conviction and sentence collaterally. But see United States v. Cannady, 283 F.3d 641, 645 n. 3 (4th Cir.2002) (noting that courts have generally enforced waivers of collateral attack rights). Every Circuit Court of Appeals to consider the issue, however, has held that the right to attack a sentence collaterally may be waived so long as the waiver is knowing and voluntary. See Garcia-Santos v. United States, 273 F.3d 506, 509 (2nd Cir.2001); United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir.2001); DeRoo v. United States, 223 F.3d 919, 923 (8th Cir.2000); Watson v. United States, 165 F.3d 486, 489 (6th Cir.1999); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir.1999); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir.1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.1993). Like our sister circuits, "we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in [a] plea agreement." DeRoo, 223 F.3d at 923. Accordingly, we hold that a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary.

A plea of guilty to a criminal charge is constitutionally valid only if it is voluntary and intelligent, which in turn requires that the defendant know the constitutional rights that he is relinquishing. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The validity must be affirmatively established. Id. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir.1994). Here, ineffective assistance claim directly affects the validity of that waiver or the plea itself." United States v. White, 307 F.3d 336, 343 (5th Cir.2002). Movant submits that he did not competently and intelligently waive his right to the assistance of counsel."

GROUND II

CLAIM NUMBER ONE MOVANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE CONSTITUTION.

Movant restates, repleads, and realleges the facts, pleadings, and allegations set forth herein. Movant alleges and incorporates by reference all allegation contained in previous pleading filed simultaneously relevant to this action.

Movant's conviction and sentence violates his Sixth Amendment Constitutional Right to effective assistance of counsel in the trial and sentencing process as hereinafter more fully appears.

Movant Allala submits that Counsel unprofessionally failed to advise him as to all facts and law relevant to his decision to plead guilty. Counsel failed in his obligation to apprise the Movant of the full range of consequences of entering a plea of guilty. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different. (See Boykin v. Alabama, 395 U.S. 238, 243-44 (1969).

Movant further submits that Counsel was ineffective in representation during the plea and sentencing proceedings. Further that counsel's performance fell below the reasonable objectionable standards in his representation of his interests. counsel failed to subject the prosecution's case to any meaningful adversarial testing. See United States v. Cronic, 466 U.S. 648, 659 (1984) (holding that counsel's failure to subject prosecution's case to adversarial testing amounts to constructive denial of counsel.

Movant submits that counsel failed to advocate on his behalf or act in his best interest in matters related to plea and sentencing. Movant submits that counsel's performance fell below the reasonable objectionable standards in his representation of his interests and failed to actively advocate or give correct competent advice to him regarding the status of his case and the effect of a guilty plea.

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea bargaining process. During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012) (citations omitted) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)) (citing Missouri v. Frye, 132 S. Ct. 1399 (2012); Padilla v. Kentucky, 130 S. Ct. 1473, 1486 (2010)); Hill v. Lockhart, 474 U.S. 52, 54 (1985)). The right to effective representation during the plea process requires defense counsel to take adequate steps to "'[p]reserv[e] [a noncitizen defendant's] right to remain in the United States'" and "'preserv[e] the possibility of' discretionary relief from deportation." Padilla, 130 S. Ct. at 1483 (quoting INS v. St. Cyr, 533 U.S. 289, 323 (2001)); see also id. at 1485 ("For at least the past 15 years, professional norms have generally imposed an obligation on counsel to provide advice on the deportation consequences of a client's plea."). The familiar two-pronged ineffective assistance analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984), applies to alleged violations of this right. Padilla, 130 S. Ct. at 1482. Strickland's prejudice prong "ask[s] whether

'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. (quoting Strickland, 466 U.S. at 688, 694).

The Sixth Amendment right to "counsel at all critical stages" applies in all cases where an indigent defendant faces incarceration, regardless whether the offense was a misdemeanor or felony. See Iowa v. Tovar, 541 U.S. 77, 87, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004). "[T]he negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." Padilla v. Kentucky, --- U.S. ----, 130 S.Ct. 1473, 1486, 176 L.Ed.2d 284 (2010). The Supreme Court has explained that a defendant has been deprived of his Sixth Amendment right to effective assistance if "counsel's representation fell below an objective standard of reasonableness" and the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). As detailed below, there were many phases and specific failings that reveal the ineffectiveness of Movant's counsel at the plea and sentencing stage of the proceedings.

Since this was a case involving case was Immigration and visa related fraud, Movant submits that he requested that counsel retain an immigration attorney to assist with some of the complexities of the case. Counsel failed to follow through on request. Movant submits that this type of expertise would have made a difference in the outcome of the case.

Allala submits that in entering the waiver upon advisement of counsel, that he was deprived of counsel, contrary to the protections of the Sixth Amendment, as to that portion of a plea agreement, thereby rendering that portion of the agreement unenforceable as Movant never intentionally, nor voluntarily abandoned or waived exercised such an abandonment of this right. He further submits that had he been fully apprised of all the ramifications and consequences, had full advocacy of competent counsel, he would have proceeded to trial.

## GROUND III

## CLAIM NUMBER ONE MOVANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE CONSTITUTION.

Movant restates, repleads, and realleges the facts, pleadings, and allegations set forth herein. Movant alleges and incorporates by reference all allegation contained in previous pleading filed simultaneously relevant to this action.

Pursuant to U.S.S.G. § 3B1.1(b), the district court enhanced Allala's sentence by three levels because he managed the assets of the criminal activity. Zamora contends that he does not qualify for an enhancement under § 3B1.1(b).

Section 3B1.1 provides for increases to a defendant's offense level based on his role in the offense:

(a) If the defendant was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
(b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels. U.S.S.G. § 3B1.1(a)-(b).
However, the commentary to this section states that "[t]o qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. § 3B1.1 cmt. 2 (emphases added); see also United States v. Wilks, 464 F.3d 1240, 1245 (11th

Movant Allala received a two point assessment for role in the offense based on the misconception that he recruited and supervised one other participant, Elisa Focarazzo. Movant submits that this assessment was unwarranted, and a misapplication of the guidelines. Movant submits that he was a business partner with Ms. Focarazzo. He submits that it was Ms. Focarazzo who had experience in this field. He did not supervise, counsel or command any of her actions. Ms. Focarazzo voluntarily chose to participate in the instant offense by posing as Jennifer Dolan in dealing with an outside attorney who processed the applications, aliens who were to be sponsored and employers who accepted placement of the Laconia Associates workers.

Counsel unprofessionally failed to investigate these significant factors or present them though available and evidentiary of the fact that though involved, which he readily admitted, Movant was not the principal in the offense. Counsel failed to present evidence and legal authority material to the sentencing court on behalf of Movant Allala. Defendant did not admit or plead to this enhancement. This was mere a perception which counsel failed to adequately rebut, or present evidence to contradict the government's assertions.

Unless plead to the government must prove the existence of an aggravating role by a preponderance of the evidence. United States v. Yates, 990 F.2d 1179, 1182 (11th Cir. 1993). "The findings of fact of the sentencing court may be based on evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing hearing." United States v. Saunders, 318 F.3d 1257, 1271 n.22 (11th Cir. 2003) (quotation and alteration omitted). In U.S. v. Williams, 527 F.3d 1235 (11th Cir., 2008) , the court remanded based improperly applied sentencing adjustments and insufficient evidence to prove the Defendant's role warranted an increase in the offense level, United States v. Chivers (5th. Cir., 2012), United States v. Garcia (5th. Cir., 2011), United States v. Zamora (11th Cir., 2012), where the court vacated and remanded based on unwarranted application of the enhancement. Movant submits that counsel failed to subject the prosecution's case to any meaningful adversarial testing. See United States v. Cronic, 466 U.S. 648, 659 (1984) (holding that counsel's failure to subject prosecution's case to adversarial testing amounts to constructive denial of counsel.

Counsel failed to argue recent case law relevant to sentencing could have but did not provide available and persuasive authority in support of argument against enhancement for role in the offense at sentencing.

Counsel could have but did not provide available and persuasive authority in support of argument against enhancement for role in the offense on Objections to the PSR. Counsel's omissions set forth in were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Movant during the sentencing and process. Counsel's omissions set forth in were the result of counsel's abdication of the duty and responsibility to advocate Allala's case and cause during the sentencing and process.

Allala's was prejudiced from the unprofessional omissions of counsel, set forth in because, absent said omissions, there is a reasonable probability that the outcome of his sentencing and direct appeal process would have been different. More specifically, but for counsel's unprofessional omissions there is a reasonable probability that either the District Court would have granted objection to the role in the offense enhancement or the Court of Appeals would have granted the appeal of the denial of the objection and Allala's would have been sentenced to a lesser term of imprisonment.

Allala was prejudiced from the unprofessional omissions of counsel, set forth in the foregoing pleadings because said omissions undermine confidence in the reliability of his sentencing and process..

GROUND IV

CLAIM NUMBER ONE MOVANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE CONSTITUTION.

Movant Allala submits that he was Prejudiced By The Cumulative Impact Of Multiple Deficiencies Or Errors By Counsel During The Plea, and Sentencing Process.

Movant restates, repleads, and realleges the facts, pleadings, and allegations set forth herein. Movant alleges and incorporates by reference all allegation contained in previous pleading filed simultaneously relevant to this action.

Counsel never requested discovery despite the fact that the Government contentions that 147 visa petitions were fraudulent. Those cases were never shown to him. However, based on those case numbers the points were calculated, and subsequently movant received a higher

sentence that what may have been warranted had counsel requested the requisite preponderance of proof as to the amount of petitions involved. Reiterating his request that The expertise of an immigration attorney would have made a significant difference.

Movant believes that trial counsel grossly under-represented him by failing to adequately research, investigate and otherwise prepare for sentencing, and that he gave him incompetent, deficient and careless advice by coercing him to sign an ambiguous Plea Agreement. The Supreme Court in Counsel's gross errors directly and negatively affected the sentence and in totality, amount to ineffective assistance of counsel.

Movant submits that his sentence procedurally unreasonable because the sentencing court treated The Guidelines as mandatory and ignored mitigating factors.

Movant was prejudiced by the objectively unreasonable performance of counsel during the sentencing process, when counsel unprofessionally failed to move for appropriate downward departure or a downward variance under 18 U.S.C. § 3553(a) in the case. Mr. Allala's exposure to additional punishment as a collateral consequence of sustaining the conviction in the instant case. Mr. Allala faced additional detention and the high probability of deportation after serving the term that the court imposed. Mr. Allala was prejudiced by the objectively unreasonable performance of counsel during the plea and sentencing process, when counsel unprofessionally failed to move for appropriate downward departure or a downward variance under 18 U.S.C. §3553(a) in case.

The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. See 18 U.S.C. § 3553(a). As to the sixth factor, there cannot be an unwarranted sentencing disparity between defendants who are not similarly situated. United States v. Spoerke, 568 F.3d 1236, 1252 (11th Cir. 2009).

It is not apparent from the record that the sentencing court considered applied the parsimony principle regarding consideration of 3553 factors.

Cumulative factors working together deprived the Allala of effective assistance of counsel. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

**Ruling That The "Facts" Supporting A Claim Of Ineffective Assistance Do Not Include The Norms Of The Legal Profession**

In order to assert a claim of ineffective assistance, a prisoner must allege that the attorney's conduct was unreasonable under the prevailing norms of the legal profession. Absent the existence of such norms and an unreasonable deviation therefrom, there is no basis for a claim of ineffective assistance. As this Court explained in United States v. Loughery, 908 F.2d 1014 (D.C. Cir. 1990), in the ineffective assistance context

[t]he proper measure of an attorney's performance is "reasonableness under prevailing professional norms." "Prevailing norms of practice," such as those reflected in the *ABA Standards*, may inform our determination of what is reasonable.

Id. at 1018 (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)) (internal citations omitted).

The prevailing norms of the legal profession—like those of other professions—are *facts*. *See, e.g.* , Williams v. Callahan, 938 F. Supp. 46, 50 (D.D.C. 1996) (claim for legal malpractice based upon ineffective assistance of criminal trial counsel "require[s] the testimony of an expert witness" to establish standard of care for trier of fact); Int'l Tele-Marine Corp. v. Malone & Assocs., Inc., 845 F. Supp. 1427, 1434 (D. Colo. 1994) ("whether an attorney exercised a reasonable degree of care or skill in representing its [sic] client is a question of fact"). *See also* Leighton Decl. ¶ 71. Nevertheless, Judge Johnson ruled that the norms of the legal profession are not facts, and that a prisoner's lack of knowledge of such norms has no bearing on whether the prisoner knows the facts supporting a claim of ineffective assistance. Pollard, 161 F. Supp. 2d at 10.

A prisoner who does not know that the attorney deviated from norms of the legal profession lacks knowledge of facts necessary to assert a claim of ineffective assistance. For example, a defendant may be present in the courtroom while his attorney fails to do certain things (e.g., fails to object to a breach of a plea agreement). Frequently, the defendant will be oblivious to that failing, and will remain oblivious until he becomes aware of the fact that the attorney had a *duty* to perform these tasks. The Supreme Court has observed that "[a] layman will ordinarily be unable to recognize counsel's errors and to evaluate counsel's professional performance; consequently a criminal defendant *will rarely know that he has not been represented competently* until after trial or appeal, usually when he consults another lawyer about his case." Kimmelman v. Morrison,, 477 U.S. 365, 378 (1986) (emphasis added) (internal citation omitted). *See also* Nell v. James,, 811 F.2d 100, 105 (2d Cir. 1987) (where counsel had failed to tell the court at suppression hearing that defendant resided in premises and therefore had

standing to challenge search, defendant's lack of recognition that counsel had acted ineffectively "is a credible explanation for his failure to present the [ineffective assistance] claim earlier"); Flanagan v. Johnson,, 154 F.3d 196, 199 (5th Cir. 1998) ("The factual predicate of [prisoner's] claim [was] the fact that he was called to testify and did not know," because trial counsel had not informed him, that "he had the right to refuse" to testify; AEDPA's statute began to run when prisoner learned both facts).

Once made aware of the attorney's duties, the defendant has actual knowledge of the facts, and can assert a claim of ineffective assistance. *See* United States v. Smith,, 101 F. Supp. 2d 332, 347 (W.D. Pa. 2000) (defendant was oblivious to counsel's duty to request adjournment of sentencing; only when he learned that fact years later did AEDPA's statute of limitations begin to run .

While Mr. Allala respectfully submits that each of the multiple professionally unreasonable acts and omissions of counsel prejudiced him within the meaning of Strickland, he was clearly prejudiced by the cumulative impact of the multiple deficiencies and errors.

Based on the foregoing facts and law, Mr. Allala has affirmatively pleaded "prejudice" in his case within the meaning of *Strickland v. Washington,* 466 U.S. 668, 80 L..Ed.2d 674, 104 S.Ct. 2052 (1984) and *United States v. Glover,* 531 U.S. 198; 121 S. Ct 696; 148 L. Ed. 2d 604; 2001 U.S. LEXIS 639 (2001) and *Williams v Taylor,* 120 S. Ct 1495, 1512- 16; 2000 US. LEXIS 2837, 53-64; 146 L. Ed. 2d 389 (4-18-00), due to the "multiplicity of errors" which denied Mr. Allala his Sixth Amendment constitutional right to effective assistance of counsel during the pretrial, plea, trial, sentencing, and process.

In Strickland v. Washington, 466 U.S. 668, 688 (1984), the Court stated that the American Bar Association Standards may serve as guides to determine what is reasonable professional assistance. ABA Standards for Criminal Justice, Pleas of Guilty (3d. Ed. 1999) (Pleas of Guilty provide that defense counsel "should keep the defendant advised of developments arising out of plea discussions conducted with the prosecuting attorney, and should promptly communicate and explain to the defendant all plea offers made by the prosecuting attorney." Defense Function Standard 4-6.2(b) contains a similar admonition. The ABA standards also require an attorney to fully explain and advise the client about the choices available to a client in light of a plea offer after conducting an appropriate analysis of all pertinent facts and legal issues. Pleas of Guilty Standard 14-3.2(b) provides that "to aid the defendant in reaching a decision, defense counsel, after appropriate investigation, should advise the defendant of the alternatives available and considerations deemed important by defense counsel or the defendant in reaching a decision.

EVIDENTIARY HEARING WOULD BE USEFUL TO THIS COURT

Title 28, United States Code, Section 2255 provides that a prisoner in custody under sentence of a court established by Act of Congress claiming the tight to be released or for reduction of sentence may move the court which imposed the sentence to vacate, set aside or correct the sentence. This section also provides as follows:

*" Section 2255 provides for an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." 28 U.S.C. § 2255. A federal court in a habeas proceeding must hold an evidentiary hearing when the petitioner alleges facts which, if true, would entitle her to relief. Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 756, 9 L.Ed.2d 770 (1963). When a colorable Sixth Amendment claim is presented, and where material facts are in dispute involving inconsistencies beyond the record, a hearing is necessary. See Becton v. Barnett, 920 F.2d 1190, 1192 (4th Cir.1990); Moore v. U.S., 950 F.2d 656, 661 (10th Cir.1991).*

28 U.S.C.§ 2255

The district court may enter an order for the summary dismissal of Section 2255 motion only "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court " Rule 4, Rules Governing Section 2255 Proceedings Summary dismissal is appropriate only where the allegations in the motion are "vague [or] conclusory" or "palpably incredible", Hendricks '. Where the Court considers matters beyond the pleadings, Rule 56 of the Federal Rules of Civil Procedure is applicable to the proceedings by virtue of Rule 11 of the Rules Governing Section 2255 Proceedings Allen v. Newsome, 795 F.2d 934, 938 [n. 11] (11th Cir. 1986) (construing analogous Rule 11 of the Rules Governing Section 2254 Proceedings); *Balogun* 1. *INS*, 9 F3d 347, 352 (5th Cir 1993) (District Cow erred in dismissing petition on basis of exhibits attached to respondents' answer without first giving Movant "notice that he was considering recommending summary judgment in favor of respondents [and] time to reply to respondents' memorandum"); McBride v. Sharp, 981 F.2d 1234, 1235-36 (11th Cir) *(per curiam), van 's and reh'g en bane granted,* 999 F 2d 502, *rev'd,* 25 F 3d 962 (11th Cir) *(en bane), cert. denied,* 513 US 990 (1994) ("When a district court considers matters outside of the pleadings in rendering judgment, the action is in the nature of an order granting summary judgment, and the court must comply with the summary judgment notice requirements of Federal Rule of Civil Procedure 56(c)," including the 10-day notice rule)

Under Rule 56 of the Federal Rules of Civil Procedure summary judgment is *not* appropriate where, viewing the evidence in the light most favorable to the non-moving party, the factual allegations are sufficient to permit a reasonable fact finder to conclude that the Section 2255movant has stated a viable claim for relief *Teague v. Scott,* 60 F3d 1167, 1171-72 (5th Cir 1995); *Meyers v. Collins,* 8 F.3d 249, 252-53 (5th Cir 1993); *Cain v. Smith,* 686 F2d 374, 380 [n10] (6 ) Cir 1982).

Where a case presents extra record material factual issues which turn upon a credibility determination of the witnesses, such as where opposing affidavits are submitted, the District Court cannot make the credibility determination by simply choosing between the affidavits without an evidentiary hearing. *Daniels v. United States,* 54 F 3d 290 (7th Cir 1995); *Castillo v. United States*, 34 F 3d 443, 445 (7th Cir 1994) ("[A] determination of credibility cannot be made on the basis of an affidavit "); *United States v. Stuflle,* 1997 US App LEXIS 21010 (4th Cir.1997) (citing *Williams v. Griffin,* 952 F 2d 820, 823 (4th Cir 1991); *United States v. Grist,* 1998 US App LEXIS 20199 (l0th Cir. 1998) citing*Machibroda v. United States,* 368 US 487, 494 95 (1962) and citing *Moore v. United States,* 950 F.2d 656, 660-61 (l0th Cir 1991).

CONCLUSION

WHEREFORE REMISES CONSIDERED, based on all of the foregoing, Movant Allala respectfully requests of this Honorable Court to **ORDER** an evidentiary hearing in which he can be allowed to prove his case.

Respectfully Submitted,

Dated this 19 day of 12,2012.

RAVINDER REDDY ALLALA

Movant pro se,
Fed. Reg. No: 62774-019
*D Ray James Correctional Facility*
PO Box 2000.
Folkston, GA 31537