UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  8:11-CR-222-T-30EAJ |
| ) | |
| RAVINDER REDDY ALLALA, ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| Garnishee. ) | |

**FINAL ORDER IN GARNISHMENT**

THIS CAUSE came on for consideration upon the United States of America's Motion for Entry of Final Order in Garnishment (Doc. 88) pursuant to 28 U.S.C. § 3205(c)(7) against defendant Ravinder Reddy Allala's nonexempt interest in an account held by Bank of America.  The Court, having considered the Application for Writ of Garnishment, Garnishee Bank of America's Answer, and the instant Motion for Entry of Final Order in Garnishment, finds that the entry of a final order in garnishment is in all respects proper.

Accordingly, it is

ORDERED, ADJUDGED, AND DECREED that the United States of America's Motion for Entry of Final Order in Garnishment (Doc. 88) is granted.  It is further

ORDERED, ADJUDGED, AND DECREED that Garnishee Bank of America shall forthwith liquidate the defendant's nonexempt interest in his Bank of America account ending in 2124, and pay over to the United States the proceeds of those accounts, minus mandatory federal income tax withholdings, not to exceed $25,017.31.  The payment made to the United States pursuant to this Order shall bear the notation "Ravinder Reddy Allala, Case No. 8:11-CR-222-T-30EAJ," be made payable to "Clerk, United States District Court," and be sent to:

> Clerk, United States District Court
> ATTN: DCU
> 401 West Central Boulevard, Suite 1200
> Orlando, Florida 32801

It is further

ORDERED, ADJUDGED, AND DECREED that upon payment to the United States of the proceeds of the defendant's nonexempt interest in Bank of America Account ending in 2124, the Writ of Garnishment directed to Bank of America shall terminate pursuant to 28 U.S.C. § 3205(c)(10).

Garnishee's demand for attorney's fees, costs and expenses for answering the Writ of Garnishment is DENIED.  Neither the MVRA, the FDCPA, nor the EAJA provide for attorney's fees in garnishment proceedings brought by the United States or its agencies.  See United States v. Texas Life Insurance Company, 2011 WL 900999, *2 (E.D.Tex. March 14, 2011); United States v. Citigroup Global Markets, 569 F. Supp. 2d 708, 712 (E.D. Tex.  2007); United States v. Swopes, 492 F. Supp. 2d

2

651, 654 (W.D. Tex. 2006); United States v. Roush, 452 F. Supp. 2d 676, 682 (N.D. Tex. 2006).

      **DONE** and **ORDERED** in Tampa, Florida on April 12, 2013.

                                              JAMES S. MOODY, JR.
                                              UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

F:\Docs\2011\11-cr-222.garnishment 88.wpd